# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GRANITE STATE INSURANCE CO., as
subrogee of CONNELLY CRANE RENTAL
CORP.,

        Plaintiff,                       Case No. 15-14144

v.

SONGER STEEL SERVICES, INC.,

        Defendant.
                                           /

### OPINION AND ORDER DENYING PLAINTIFF'S "MOTION TO LIFT STAY AND REMAND TO STATE COURT PURSUANT TO THE *COLORADO RIVER* ABSTENTION DOCTRINE"

On September 23, 2016 Plaintiff Granite State Insurance Co. filed a "Request to Lift Stay and Motion to Remand to State Court Pursuant to the *Colorado River* Abstention Doctrine." (Dkt. # 8.) Plaintiff's motion requests remand or, in the alternative, that the court continue the stay and grant Plaintiff leave to file a motion to intervene in the related state court action. The matter has been fully briefed and a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons set forth below, the court will deny Plaintiff's motion.

## I. BACKGROUND

The following facts are undisputed unless otherwise noted. Plaintiff brings this action as subrogee of its insured, Connelly Crane Rental Co. Connelly rented a crawler crane to U.S. Steel Corp. For use at U.S. Steel's Ecorse, Michigan facility in or around early April, 2014. (Dkt. # 9, Pg. ID 68.) U.S. Steel hired Defendant Songer Steel Services, Inc. to assist with the crane's operation to remove collapsed ductwork at the

U.S. Steel facility. In the early morning of April 4, 2014, the crane tipped over, killing the operator. (Dkt. # 1-2, Pg. ID 11-12.)

On May 29, 2015 the decedent crane operator's estate filed a wrongful death action in Wayne County Circuit Court against, among other parties, Defendant Songer and U.S. Steel. (Dkt. # 8, Pg. ID 55.) That state court proceeding has grown to include issues surrounding the collapsed ductwork and several defendants unrelated to the tip over. (*Id.*) On October 27, 2015 Plaintiff filed the present action related to the damage to the crane in Wayne County Circuit Court, (Dkt. # 1-1) and Defendant removed the action to this court on the basis of diversity jurisdiction on November 24, 2015. (Dkt. # 1.)

An agreement reached by the parties to this case and the parties in the related state court proceeding allowed Plaintiff reasonable, but limited, participation in discovery and a potential global settlement. This court in turn stayed and administratively closed the present action in its Order entered March 18, 2016. (Dkt. # 7.) Since that time, the parties to the state court proceeding, with some participation from Plaintiff, have conducted dozens of depositions and have nearly completed a mediation process that Plaintiff anticipates will be unsuccessful. (Dkt. # 8, Pg. ID 59-60.) The state court proceeding was scheduled for a status conference on October 31, 2016. (Dkt. # 9.)

Plaintiff has stated its intent to file a motion to intervene at the October 31 status conference pursuant to a stipulated order in the state court proceeding. (Dkt. # 10, Pg. ID 88.) Rekated to this intent, the parties assert here that Plaintiff "may not seek the state court's permission to intervene when it currently has the exact same cause of action pending" in this court. (Dkt. # 9, Pg. ID 71.) Accordingly, Plaintiff filed the instant

motion, asking this court to lift the stay and remand the proceeding based on *Colorado River Water Conservation Dist. V. U.S.*, 424 U.S. 800 (1976) or, in the alternative, continue the stay "with authority to file an intervention pleading in state court." (Dkt. # 8, Pg. ID 54.) The court has no interest in interfering with Plaintiff's intended state court filings, but is not persuaded as to the predicates of the motion as presently stated.

## II. DISCUSSION

In *Colorado River*, the Supreme Court held that federal courts may abstain from hearing a case solely because similar pending state court litigation exists. *Colorado River*, 424 U.S. at 817; *Romine v. Compuserve Inc.*, 160 F.3d 337, 339 (6th Cir. 1998). "[D]espite the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them,' . . . considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts." *Romine*, 160 F.3d at 339 (quoting *Colorado River*, 424 U.S. at 817).

At the outset, the court notes that it lacks the ability to remand this action based on abstention doctrine. *See Quackenbush v. Allstate Ins. Co.* 517 U.S. 706, 719-20 (1996) (holding that federal courts do not have the power to remand cases based on abstention principles in common-law actions for damages). The Fifth Circuit has succinctly addressed this issue:

> It is clear, though, that remand is not an option. In addition to being unsupported by any authority in the removal statute or elsewhere, it is simply illogical. Where a court has already determined under the *Colorado River* analysis that an existing state court case "will be an adequate vehicle for the complete and prompt resolution of the issues between the parties," [*Moses H. Cone Memorial Hosp. V. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983)] no purpose is served by sending the federal case back to state court to litigate the same issues.

3

*Saucier v. Aviva Life & Annuity Co.*, 701 F.3d 458, 465-66 (5th Cir. 2012). The parties agree, but do not explain how application of *Colorado River* abstention would authorize the court to remand the case as Plaintiff requests; the widely recognized alternative is simply to continue the stay. *See Bates v. Van Buren Twp.*, 122 F. App'x. 803, 809 (6th Cir. 2004) ("We therefore join other circuits in requiring a stay of proceedings rather than a dismissal in *Colorado River* abstention cases.") Plaintiff's request for remand must be denied.

Further, an analysis of *Colorado River* abstention principles demonstrates that it would be inappropriate here. In deciding whether abstention under *Colorado River* would be appropriate, courts must first determine whether the proceedings are "parallel." *Romine*, 160 F.3d at 339. If the proceedings are parallel, the court then considers the following factors: (1) whether the state court has assumed over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction. *Id.* at 340-41. These factors "do not comprise a mechanical checklist. Rather, they require 'a careful balancing of the important factors as they apply in a give[n] case' depending on the particular facts at hand. *Id.* at 341 (quoting *Moses H. Cone*, 460 U.S. at 15-16).

To be "parallel," the proceedings must be "substantially similar." *Id.* at 340. Other circuits consider whether there is an identity of parties and whether the issues and relief sought are the same in both proceedings. *Nat'l Union Fire Ins. Co. of Pittsburgh v. Karp*,

4

108 F.3d 17, 22 (2nd Cir. 1997). Here, the state court proceeding is vastly more complex, involves an accident entirely different from the crane tip over, and does not raise the issue of property damage to the crane. (Dkt. # 9, Pg. ID 78-79.) These issues are not substantially similar within the meaning of *Romine*, 160 F.3d at 339-40, and are therefore not parallel. *Colorado River* abstention would be inappropriate. *Id.*

Even if the proceedings were parallel, the court concludes that a review of the *Colorado River* factors counsels against abstention. *Id.* at 340-41. In particular, the court is not persuaded that two separate proceedings resolving Defendant's negligence raises the level of concern regarding "piecemeal litigation" likely to present an "exceptional circumstance" like the complex class litigation at issue in *Romine. Id.* Further, because Plaintiff is not actually a party to the concurrent state court proceeding, the state court is not presently capable of adequately protecting Plaintiff's rights. In that sense, Plaintiff's *Colorado River* argument is premature. The remaining factors either favor exercising jurisdiction or do not counsel strongly enough against to overcome federal courts' preference for hearing cases properly in front of it. *See Moses H. Cone*, 460 U.S. at 16 (explaining that the analysis turns on "a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction"). Accordingly, the court will deny Plaintiff's request for *Colorado River* abstention on this alternative ground as well.

Plaintiff's alternative request is that the court continue the stay and "allow" Plaintiff to file its motion to intervene in the state court proceeding. (Dkt. # 8, Pg. ID 54.) The parties agree, but without explanation, that Plaintiff "may not seek the state court's permission to intervene when it currently has the exact same cause of action pending"

in this court. (Dkt. # 9, Pg. ID 71.) Assuming, for the purposes of this motion, that the parties are correct, and in light of the above analysis of *Colorado River* and the court's "virtually unflagging obligation" to hear cases properly in front of it, the court must deny Plaintiff's request. This court cannot control proceedings in another jurisdiction, and will not purport to limit, permit, or endorse filings that may be presented to another court.

### III. CONCLUSION

IT IS ORDERED that Plaintiff's "Motion to Lift Stay and Remand Pursuant to *Colorado River* Abstention Doctrine" (Dkt. # 8) is DENIED.

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: November 7, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 7, 2016, by electronic and/or ordinary mail.

        S/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522